IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY G. CLERK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-633-GPM-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Danny G. Clerk filed this action on May 16, 2012, seeking review of a final decision by the Commissioner of Social Security denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") (Doc. 2). This matter is currently before the Court on a Report and Recommendation from United States Magistrate Judge Clifford J. Proud, submitted in accordance with 28 U.S.C. § 636(b)(1). Magistrate Judge Proud recommended that this Court reverse the Commissioner's decision and remand the case for further proceedings because the Administrative Law Judge ("ALJ") improperly evaluated Plaintiff's credibility (Doc. 22). For the reasons set forth below, the Court adopts Magistrate Judge Proud's Report and Recommendation.

## BACKGROUND

Danny Clerk alleges that an injury to his left elbow has rendered him disabled (*See* Doc. 16). Mr. Clerk's application for DIB and SSI was denied initially, and again on reconsideration (Doc. 10-4, pp. 2–6; 9–12; 13–16). Mr. Clerk filed a timely request for a hearing, which was

held on June 24, 2009 before Administrative Law Judge ("ALJ") Gale Reich. (Doc. 10-2, p. 64). ALJ Reich issued his decision on January 13, 2010, and denied Mr. Clerk's application for DIB and SSI. (Doc. 10-3, pp. 6–16). Mr. Clerk requested a review by the Appeals Council, which was granted, and the Appeals Council remanded the case for further proceedings (Doc. 10-3, pp. 20–22). Following remand by the Appeals Council, the case was assigned to ALJ William L. Hafer (*See* Doc. 10-2, p. 22). ALJ Hafer held another hearing on January 26, 2011 (*See* Doc. 10-2, p. 22). On February 3, 2011, ALJ Hafer issued his decision, and denied Mr. Clerk's application for DIB and SSI (Doc. 10-2, pp. 19–31). ALJ Hafer determined that Mr. Clerk retained the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with some limitations (Doc. 10-2, p. 25). ALJ Hafer also determined that while Mr. Clerk was not capable of performing his past relevant work as a highway maintenance worker, there are jobs that exist in significant numbers in the national economy that Mr. Clerk could perform, such as cashier, parking lot attendant, or laundry worker (Doc. 10-2 pp. 29–30). The Appeals Council denied Mr. Clerk's request for review, and ALJ Hafer's February 3, 2011 decision became the final agency decision subject to judicial review (Doc. 10-2, p. 2).

Mr. Clerk then filed his complaint with this Court seeking judicial review of the decision. Magistrate Judge Proud issued his Report and Recommendation on February 13, 2013, in which he concluded that ALJ Hafer erred in his assessment of Mr. Clerk's credibility by failing to consider the requisite factors set forth in 20 C.F.R. § 404.1529(C)(3) (Doc. 22). Accordingly, Magistrate Proud recommended this Court reverse the ALJ's decision and remand the case (Doc. 22). The Commissioner filed a timely objection to the Report and Recommendation (Doc. 23), to which Mr. Clerk filed a timely response (Doc. 24).

Since timely objections have been filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. §§ 636(b)(1)(B), (C), FED. R. CIV. P. 72(b); SDIL-LR 73(1)(b). In conducting the de novo review, the Court "is not required to conduct another hearing." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). The Court need only "give fresh consideration to those issues to which specific objections have been made." *See, e.g., Smith v. Schwartz*, Case No. 10-cv-721, 2012 WL 1555116, at *1 (S.D. Ill. Apr. 30, 2012), *citing* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1987 & Supp.2011) (the "de novo determination" required under 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure is "not meant to compel the [district] judge to conduct a new hearing" and instead means that the district judge must "give fresh consideration to those issues to which specific objections have been made") The Court has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Goffman*, 59 F.3d at 671 ("But if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own.")

## DISCUSSION

### A. Standard of Review

As an initial matter, the Court notes the standard under which it reviews the Commissioner's final decision. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Thus, judicial review is limited to whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir.

2011). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ must consider all relevant evidence and may not "cherry-pick" only facts that indicate non-disability; however, he need not discuss every piece of evidence. *Goble v. Astrue,* 385 Fed.Appx. 588, 593 (7th Cir. 2010). That is, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011). This Court may not reweigh evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

**B. Social Security Guidelines & the Determination of a Claimant's Credibility**

To receive disability benefits under the Social Security Act, a claimant must be "disabled" as defined by the Act. 42 U.S.C. § 423(a)(1)(E). Federal regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. *Weatherbee v. Astrue*, 649 F.3d 565, 568-569 (7th Cir. 2011). The fourth step is at issue here. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and ability to engage in past relevant work. *Weatherbee*, 649 F.3d at 568–569. In making that assessment, the ALJ should first determine whether the impairments shown by medically acceptable evidence could reasonably produce the claimant's reported symptoms. SSR 96-7p, 1996 WL 374186, at *2, *citing* 20 C.F.R. § 404.1528(a), 404.1529, 404.1569(a), 416.928(a), 416.929, and 416.969(a); (Doc. 10-2, p. 25). Then the ALJ should evaluate the persistence, intensity, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. SSR 96-7p, 1996 WL 374186, at *2; (Doc. 10-2, p. 25). The second inquiry requires the ALJ to evaluate the credibility of the claimant's statements regarding

the symptoms and the functional effects of the symptoms. SSR 96-7p, 1996 WL 374186, at *1, *citing* 20 C.F.R. 404.1529(c)(4) and 416.929(c)(4).

Here, Mr. Clerk contends that ALJ Hafer erred in his assessment of Clerk's credibility. When evaluating the credibility of an individual's statements, the ALJ must consider all of the evidence in the case record. SSR 96-7p, 1996 WL 374186, at *4. The Social Security Administration has instructed that this includes objective medical evidence, such as laboratory findings, medical opinions, and reports from physicians, which "tend to lend credibility to an individual's allegations about pain or other symptoms and their functional effects." SSR 96-7p, 1996 WL 374186, at *6. However, "because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone," the ALJ must also consider the following factors: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medical, that the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; (7) and the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p, 1996 WL 374186, at *3, *citing* 20 C.F.R. 404.1529(c) and 416.929(c). The ALJ should also consider the individual's prior work record, observations of the individual by employees of the Social Security Administration, and their own observations of the individual. SSR 96-7p, 1996 WL 374186, at *5, *citing* 20 C.F.R. 404.1529(c) and 416.929(c).

Additionally, the ALJ must give reasons for the finding on credibility, and those reasons must be supported by the evidence in the case record, and must be "sufficiently specific to make

clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4.

In reviewing an ALJ's credibility determination, the deferential "substantial-evidence" standard applies because an ALJ, not a reviewing court, is in the best position to evaluate credibility. *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009), *citing Elder v. Astrue,* 529 F.3d 408, 413–14 (7th Cir. 2008) (quotation omitted). Therefore, the ALJ's credibility determination will only be overturned if it is "patently wrong." *Simila*, 573 F.3d at 517. In determining whether a credibility determination is "patently wrong," the Court examines whether the ALJ's determination was reasoned and supported. *Jens v. Barnhart,* 347 F.3d 209, 213–14 (7th Cir. 2003).

## C. ALJ Hafer's Credibility Determination

At step four of his inquiry into whether Mr. Clerk was disabled, ALJ Hafer concluded that Clerk's medically determinable impairments could reasonably be expected to cause the alleged symptoms (Doc. 10-2, p. 26). However, ALJ Hafer concluded that Mr. Clerk's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible (Doc. 10-2, p. 26). Specifically, ALJ Hafer took issue with Mr. Clerk's statements regarding the limiting effects of his pain and the side effects from his pain medication for two reasons. First, the ALJ found that Mr. Clerk's testimony was not supported by the report of his treating physician, Dr. McElheny. Mr. Clerk testified that the pain medication he was taking caused drowsiness and required daily napping, which impaired his ability to perform basic work functions. However, Dr. McElheny's report that indicated that Mr. Clerk had not informed him of any side effects (Doc. 10-2, pp. 26–27). Second, the ALJ found that Mr. Clerk's testimony to be internally inconsistent. Mr. Clerk testified that he experienced debilitating pain that precluded

6

him from engaging in many activities or functions.  Mr. Clerk also testified that he took medication to the point of considerable sedation on a consistent basis (Doc. 10-2, p. 27).  ALJ Hafer questioned "why an individual would persist in the use of elective pain medication that causes such side effects if the underlying symptomatology were not significantly relieved" (Doc. 10-2, p. 27).

Mr. Clerk contends that ALJ Hafer erred in his assessment of Clerk's credibility by failing to consider the requisite factors (Doc. 16).  Magistrate Judge Proud agreed (Doc. 22).  The Commissioner objected and argued that Magistrate Judge Proud's Report and Recommendation overlooks the full scope of the ALJ's decision, which he argues contains substantial discussion of the credibility factors, and explanations for the credibility finding (Doc. 23).

Having considered the Commissioner's objections, the Court agrees with Magistrate Judge Proud that ALJ Hafer's credibility determination was flawed because he omitted discussion of most of the factors that he was required to consider (Doc. 22).  From the face of the report, it appears that ALJ Hafer discussed only Dr. McElheny's report and Mr. Clerk's own statements—factors which ALJ Hafer felt undermined Mr. Clerk's credibility.  However, ALJ Hafer failed to discuss any of the other factors, including Mr. Clerk's prior work record, his daily activities, and his medication—factors which Mr. Clerk points out tend to support his credibility (Doc. 16).  In other words, ALJ Hafer cherry-picked evidence to support his determination that Mr. Clerk's testimony was not credible, instead of considering all of the relevant evidence in the case record.

The Court also finds that ALJ Hafer's credibility determination has an additional flaw because his second reason for finding Mr. Clerk not credible is unsound.  ALJ Hafer questioned

why Mr. Clerk would continue to take pain medication that caused undesirable side effects but did not significantly relieve his pain (*See* Doc. 10-2, p. 27). He found that this perceived inconsistency in Mr. Clerk's testimony undercut his credibility (Doc. 10-2, p. 27). However, the Court rejects the ALJ's conclusion that taking medication as prescribed is a factor that somehow undermines a claimant's credibility. Instead, as one court has noted: "If a claimant takes all the medication which she is prescribed, and does so for a number of years and yet continues to have severe medical problems, such events only further validate the claimant's subjective complaints of pain." *Comstock v. Astrue*, C12-4013-LTS, 2013 WL 563520, at *15 (N.D. Iowa Feb. 14, 2013), *citing Orr v. Chater,* 956 F.Supp. 861, 875 (N.D. Iowa 1997). Since the ALJ's second reason for finding Mr. Clerk not credible is unsound, that means the credibility determination is ultimately supported by only one reason—Mr. Clerk's testimony regarding the side effects of his medication was not supported by his doctor's report. However, the Social Security Administration specifically instructed that an individual's statements "cannot be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *6. Objective medical evidence is only one factor that the ALJ must consider in assessing an individual's credibility and must be considered in the context of all the evidence. *Id.*

ALJ Hafer's flawed credibility determination affected his findings regarding the extent of Mr. Clerk's limitations, which directly impacted the outcome at step five. The ALJ presented the vocational expert with a hypothetical person who could do light work (frequently lift 10 pounds, occasionally lift 20 pounds, and was able to sit, stand and/or walk for 6 out of 8 hours), limited to mostly lifting with the right arm, occasionally reaching above shoulder level, and occasional gripping and grasping with the left upper extremity (Doc. 10-2, pp. 59–60). The vocational

expert testified that this person would be capable of performing jobs which exist in significant numbers in the economy (Doc. 10-2, p. 60). However, if the person needed to lie down for one or two hours during the workday, the vocational expert testified he would not be employable (Doc. 10-2, p. 61). Mr. Clerk testified that he was in debilitating pain, especially when standing or walking for long periods of time, and that his pain medication made him so drowsy he had to take a nap every day. Since ALJ Hafer did not believe Mr. Clerk's statements, and therefore, he determined that Mr. Clerk was employable.

In sum, ALJ Hafer did not consider all of the requisite factors in the context of all of the evidence in the case record. Accordingly, the case must be remanded to reassess Mr. Clerk's credibility.

## CONCLUSION

The Commissioner's objections to the Report and Recommendation are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Proud's Report and Recommendation and **REVERSES AND REMANDS** the final decision of the Commissioner of Social Security. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

 **IT IS SO ORDERED.**

DATED: September 12, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge